## MYERS et al. v. BECKMAN et al.
### No. 115.

District Court, E. D. Oklahoma.
Feb. 1, 1940.

J. Preston Swecker, of Washington, D. C., and Stone & Moon, of Muskogee, Okl., for plaintiff.

Jack A. Schley, of Dallas, Tex., and W. L. Curtis, of Fort Smith, Ark., for defendants.

RICE, District Judge.

Plaintiffs' suit is for declaratory judgment with respect to the rights of the plaintiffs and the defendants as to a certain patent owned by the defendants, the immediate cause of the suit being that the defendants had notified certain persons, for whom the plaintiffs had been performing work similar to that performed by the defendant company, that the plaintiffs were infringing the defendants' patent. Plaintiffs contend that the work performed by them does not infringe the defendants' patent, and further contend that the patent of the defendant is invalid. In addition to a declaratory judgment plaintiffs bring suit for damages for unfair competition. The defendants answer and by the answer generally assert the validity of their patent and that the plaintiffs are infringing same; and by way of counterclaim seek damages for the infringement of their patent in addition to other relief.

Plaintiff files a motion to strike paragraphs 11 to 18, inclusive (same being that portion of the counterclaim wherein the facts relied upon to establish the right to damages for infringement are set forth), of defendants' answer and cross complaint for noncompliance with Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiffs also move to strike paragraph 19 of defendants' answer and cross complaint for failure to state a cause of action and as not germane to the controversy involved. Paragraph 19 is that portion of the defendants' answer and cross complaint wherein they set forth the relief to which they deem themselves entitled and seek a judgment therefor.

 The motion to strike provided for in Rule 12(f) is for the purpose of eliminating from pleadings redundant, immaterial, impertinent or scandalous matter. While the defendants in setting up their counterclaim and cross action have violated the rule as to simplicity, set forth in Rule 8(a), and set forth in their cross complaint much evidentiary matter, the entire pleading is not subject to a motion to strike. A reading of the cross complaint discloses that the essential allegations necessary to entitle the defendants to relief by way of damages for infringement of their patent are set forth therein.

Plaintiffs' motion to strike paragraph 19 is not a proper method of attack upon this portion of the counterclaim. When the two parts of plaintiffs' motion to strike are considered together it amounts to an effort upon the part of the plaintiff to eliminate entirely the counterclaim and cross action of the defendants, and amounts in fact to a motion to dismiss the defendants' cross action. Considered from this standpoint the motion of the plaintiffs should be overruled. Under Rule 13 the defendants are entitled to set up this counterclaim. Plaintiffs' motion is overruled in its entirety and plaintiffs are directed to respond to the counterclaim within the time permitted by the rules.